UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOYCE RENE NORWARD,

                Plaintiff,      Case # 18-CV-679-FPG

v.      DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

## INTRODUCTION

Plaintiff Joyce Rene Norward brought this appeal of the Social Security Administration's ("SSA") decision to deny her disability benefits. ECF No. 1. Upon the parties' stipulation, on March 12, 2019, the Court reversed the SSA's decision and remanded this case for further administrative proceedings. ECF No. 14. Thereafter, the Court entered a stipulation awarding Plaintiff's attorney, Kenneth R. Hiller, Esq., $7,456.69 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 18.

On June 24, 2020, the SSA issued a Notice of Award granting Plaintiff $141,854.60 in past due disability benefits and withholding $35,463.65—25 percent—to pay her attorney. ECF No. 19-4. On July 10, 2020, Hiller moved for $35,463.65 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 19.

For the reasons that follow, Hiller's motion is GRANTED and Hiller is awarded $35,463.65 in fees.

## DISCUSSION

**I.**    **§ 406(b) and Reasonableness of the Requested Fee**

The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess

>of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25 percent boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25 percent statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

The Court has reviewed each factor to assure that the requested fee is reasonable. As an initial matter, the SSA awarded Plaintiff $141,854.60 in past due benefits and therefore counsel's request for $35,463.65 in fees—25 percent of the award—does not exceed the statutory cap.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved, because Plaintiff filed a motion for judgment on the pleadings with non-boilerplate arguments and obtained remand, which ultimately led to a favorable decision awarding Plaintiff benefits. As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination. *See Abbey*, 2019 WL 336572, at *2; *see also Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Here, Hiller spent 38.5 hours in connection with the appeal to this Court. ECF No. 14-1 at 1. Dividing the $35,463.65 fee requested by 38.5 hours yields an hourly rate of $921.13. While high, this Court has found higher rates reasonable where, as here, counsel developed meritorious, non-boilerplate arguments on the claimant's behalf. *See McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (awarding fees with effective hourly rate of $1.051.64); *see also Torres v. Colvin*, No. 11-CV-5309, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) ("[A] substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00.").

For the foregoing reasons, the Court concludes that the requested fee award is reasonable.

## CONCLUSION

Accordingly, Hiller's motion for attorney's fees under § 406(b) (ECF No. 19) is GRANTED and Hiller is awarded $35,463.65 in fees. The Court directs the Commissioner to release those funds withheld from Plaintiff's benefits award. After counsel receives the § 406(b) fee, he must remit the $7,456.69 in EAJA fees to Plaintiff, which he has indicated he intends to do. ECF No. 19-2 at 6.

IT IS SO ORDERED.

Dated: August 18, 2020
    Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court